IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Armin Rudd, Individually and d/b/a ABT Systems, LLC, and The University of Central Florida Board of Trustees on behalf of the University of Central Florida,<br><br>PLAINTIFFS,<br><br>vs.<br><br>Lux Products Corporation, Emerson Climate Technologies, Braeburn Systems, LLC, and Lennox International Inc.<br><br>DEFENDANTS. | COMPLAINT FOR PATENT INFRINGMENT<br><br>CIVIL ACTION NO.<br><br><br><br>JURY DEMANDED |

# COMPLAINT

Plaintiffs Armin Rudd, individually and d/b/a ABT Systems, LLC ( jointly "Rudd"), and the University of Central Florida Board of Trustees on behalf of the University of Central Florida ("UCF") complain of defendants Lux Products Corporation ("Lux"), Emerson Climate Technologies ("Emerson"), Braeburn Systems, LLC ("Braeburn"), and Lennox International Inc. ("Lennox"), and as claim for relief shows as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

1

## Parties

2. Plaintiff Armin Rudd, individually and d/b/a ABT Systems, LLC (jointly "Rudd") is an individual with his principal place of business at 726 East Maple Street, Annville, Pennsylvania 17003.

3. Plaintiff UCF is a university established by the State of Florida having an address at 12433 Research Parkway, Suite 207, Orlando, Florida 32826.

4. Defendant Lux Products Corporation is a New Jersey Corporation having a principal place of business at 6000 I Commerce Parkway, Mt. Laurel, NJ 08054.

5. Defendant Emerson is a Delaware corporation having a principal place of business at 8000 W. Florissant Avenue, PO Box 4100, St. Louis, MO 63136. White-Rodgers is a division of Emerson.

6. Defendant Braeburn is an Illinois limited liability corporation having a principal place of business at 2215 Cornell Ave., Montgomery, IL 60538.

7. Defendant Lennox is a Delaware corporation having a principal place of business at 2100 Lake Park Blvd., Richardson, TX 75080.

## The Rudd Patents

8. Rudd is the sole inventor of United States Patent No. 5,547,017, entitled "Air Distribution Fan Recycling Control," assigned to the University of Central Florida ("the '017 Patent") (Exhibit A).

9. Rudd is the exclusive licensee of the '017 Patent with the sole right to sublicense, to file suit in his own name for patent infringement, and to recover damages for past infringement of the '017 Patent.

10. Rudd has standing to sue for infringement of the '017 Patent.

11. Rudd is the sole inventor of United States Patent No. 5,881,806, entitled "Air Distribution Fan And Outside Air Damper Recycling Control," assigned to the University of Central Florida, a copy of which is attached hereto as ("the '806 Patent") (Exhibit B).

12. Rudd is the exclusive licensee of the '806 Patent with the sole right to sublicense, to file suit in his own name for patent infringement, and to recover damages for past infringement of the '806 Patent.

13. Rudd has standing to sue for infringement of the '806 Patent.

14. Rudd is the sole inventor of United States Patent No. 6,431,268 B1 entitled "Air Distribution Fan Recycling Control," assigned to the University of Central Florida ("the '268 Patent") (Exhibit C).

15. Rudd is the exclusive licensee of the '268 Patent with the sole right to sublicense, to file suit in his own name for patent infringement, and to recover damages for past infringement of the '268 Patent.

16. Rudd has standing to sue for infringement of the '268 Patent.

17. Rudd became the exclusive licensee of the '017 Patent, the '806 Patent and the '268 Patent under an exclusive license agreement between Rudd and the University of Central Florida entered on November 21, 2000, amended on June 5, 2009, and amended on September 2, 2009.

18. The '017 Patent, the '806 Patent, and the '268 Patent (collectively, "the Rudd Patents") concern thermostats that utilize a fan recycling control.

**The Infringement**

19. Defendant Lux provides thermostats, the LUXPRO PSP711CC series and CAG1500 series, utilizing a fan recycling control, to consumers in the United States. Accordingly, Lux commits direct and/or contributory infringement, and/or induces infringement, of the Rudd Patents pursuant to 35 U.S.C. §§ 271(a)-(c).

20. Defendant Emerson provides thermostats, Model Nos. 1F95-1277 and 1F97-1277, utilizing a fan recycling control, to consumers in the United States. Accordingly, Emerson commits direct and/or contributory infringement, and/or induces infringement, of the Rudd Patents pursuant to 35 U.S.C. §§ 271(a)-(c).

21. Defendant Braeburn provides thermostats, Model Nos. 3000 and 5000, utilizing a fan recycling control, to consumers in the United States. Accordingly, Braeburn commits direct and/or contributory infringement, and/or induces infringement, of the Rudd Patents pursuant to 35 U.S.C. §§ 271(a)-(c).

22. Defendant Lennox provides thermostats, the ComfortSense® 7000 and Signaturestat™ Dave Lennox Signature™ Collection, utilizing a fan recycling control, to consumers in the United States. Accordingly, Lennox commits direct and/or contributory infringement, and/or induces infringement, of the Rudd Patents pursuant to 35 U.S.C. §§ 271(a)-(c).

**Venue**

23. Venue is, therefore, proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

**Relief Requested**

24. Infringement by each of the defendants has injured Plaintiff Rudd and Rudd is entitled to recover damages adequate to compensate it for infringement of the Rudd Patents, pursuant to 35 U.S.C. §§ 284, 285. If the infringement is found to be intentional and willful, then Rudd will seek treble damages pursuant to 35 U.S.C. § 284.

25. Infringement by each of the defendants will continue to injure Rudd until this Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, sale, use and/or offer for sale of the infringing equipment and services recited in Paragraphs 8-11, above, pursuant to 35 U.S.C. §§ 283.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rudd asks this Court to enter judgment against each of the defendants, and their subsidiaries, agents, servants, employees, attorneys and all persons in active concert or participation with the defendants, granting Rudd the following relief:

A. a judgment that each defendant has directly and/or contributorily infringed and/or induced the infringement of the Rudd Patents;

B. an award to Rudd of such damages pursuant to 35 U.S.C. § 284 that are adequate to compensate it for the defendants' infringement, the damages to be no less than a reasonable royalty;

C. a permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the Rudd Patents; an award of treble damages pursuant to 35 U.S.C. § 284 to the extent that the defendants' infringement, or any thereof, is ultimately found to be willful;

    D.    an award to Rudd of its reasonable attorney fees pursuant to 35 U.S.C. § 285 upon a determination that this is an exceptional case justifying such fees;

    E.    that the Court award prejudgment and postjudgment interest on all damages;

    F.    that Rudd recover all its costs of action; and

    G.    for such other and further relief as this Court and/or a jury may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by jury.

DATED: November 5, 2009

Respectfully submitted,

s/Michael P. Mazza/
Michael P. Mazza
Illinois Bar No. 6201609
Dana L. Drexler
Illinois Bar No. 6291515
Michael P. Mazza, LLC
686 Crescent Blvd.
Glen Ellyn, Illinois 60137-4281
Phone: (630) 858-5071
Fax: (630) 282-7123
Email: mazza@mazzallc.com

**ATTORNEYS FOR PLAINTIFF**